UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| 01 COMMUNIQUE LABORATORY, INC., | CASE NO. **1:06CV0253** |
| Plaintiff, | JUDGE **JUDGE ALDRICH** |
| vs. | |
| CITRIX SYSTEMS, INC., | COMPLAINT FOR PATENT INFRINGEMENT |
| Defendant. | JURY TRIAL DEMANDED |

**MAG. JUDGE PERELMAN**

In support of its Complaint against defendant Citrix Systems, Inc. ("Citrix") for patent infringement, plaintiff 01 Communique Laboratory, Inc. ("01"), by and through its undersigned counsel, states:

## THE PARTIES

1. Plaintiff 01 is a corporation organized and existing under the laws of Ontario, Canada and has a principal place of business at 1450 Meyerside Drive, Suite 500, Mississauga, Ontario, Canada, L5T 2N5. Plaintiff 01 manufactures and sells I'm InTouch, a secure, Internet-based remote access solution that provides the ability to log in and work on a personal computer running the I'm InTouch software from virtually any device with an Internet connection.

2. Citrix is a corporation organized and existing under the laws of Delaware and has a principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida, 33309. Citrix, through its Citrix Online division, is in the business of manufacturing, importing, selling,

-2-

and/or offering to sell Internet-based access, support, and collaboration software and services in this Judicial District and throughout the United States. These products and services include, but are not limited to, GoToMyPC®, a solution for remote, secure, and managed desktop personal computer access over the Internet, GoToAssist™, a remote support solution, and GoToMeeting™, a solution for conducting online meetings.

3. Citrix transacts business within this Judicial District on a systematic and continuous basis. On information and belief, Citrix sells its products through direct Internet sales, and through value-added resellers, system integrators, and consultants, within the Eastern Division of the Northern District of Ohio. According to the Citrix Internet site at www.citrix.com, there are seventeen certified, value-added resellers of Citrix products located within a twenty-five mile radius of the United States Court House in the Eastern Division of the Northern District of Ohio. Among those seventeen is Lazorpoint, Inc., 14600 Detroit Avenue, Suite 1450, Lakewood, OH 44107, which resells Citrix products including, but not limited to, GoToMyPC®, GoToAssist™, and GoToMeeting™.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1, *et. seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Citrix under the appropriate provisions of Ohio law.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PATENT 6,928,479

6.  The allegations of paragraphs 1 through 5 are realleged as if fully set forth herein.

7.  Plaintiff 01 is the owner by assignment of United States Patent No. 6,928,479 (hereinafter "the '479 Patent"), entitled "System Computer Product and Method for Providing a Private Communication Portal," a copy of which is attached hereto as Exhibit A. The '479 Patent was duly and lawfully issued by the United States Patent and Trademark Office on August 9, 2005.

8.  Plaintiff 01 has marked its products embodying the '479 Patent pursuant to 35 U.S.C. § 287.

9.  Citrix, through its Citrix Online division, manufactures, imports, uses, sells, and/or offers for sale Internet-based access, support, and collaboration software and services in this Judicial District and throughout the United States that infringe one or more claims of the '479 Patent literally or under the doctrine of equivalents. The infringing software manufactured, imported, used, sold, and/or offered for sale within this Judicial District includes, but is not limited to, Citrix GoToMyPC®. By its acts, Citrix is also inducing others to infringe the '479 Patent and contributing to the infringement by others of the '479 Patent.

10.  Plaintiff 01 has been irreparably harmed and monetarily damaged by Defendant's infringement of the '479 Patent. The harm and monetary damages include, but are not limited to, lost profits, price erosion, and lost sales relating to affiliated products and services, as a result of Defendant's infringement. If Defendant's infringement of the '479 Patent is not permanently enjoined, 01 will continue to be irreparably harmed and monetarily damaged.

11. Defendant's infringement of the '479 Patent is willful. This is an exceptional case warranting an award of treble damages to 01 under 35 U.S.C. § 284 and an award of its reasonable attorney fees and costs for the maintenance of this action under 35 U.S.C. § 285.

**WHEREFORE**, plaintiff 01 respectfully requests the following relief:

A. Judgment that Defendant has infringed the '479 Patent;

B. Judgment that Defendant's infringement of the '479 Patent is willful;

C. Damages for infringement of the '479 Patent, including, but not limited to, lost profits, price erosion, lost sales relating to affiliated products and services, and pre- and post-judgment interest on damages awarded to 01;

D. Treble damages for willful infringement of the '479 Patent;

E. A permanent injunction against Citrix prohibiting infringement of the '479 Patent;

F. Judgment that this is an exceptional case under 35 U.S.C. § 285 warranting an award of 01's attorneys' fees;

G. Costs for this lawsuit; and

H. Any other relief deemed just by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Dated: February 1, 2006

*(signature)*

Thomas H. Shunk (0025793)
BAKER & HOSTETLER LLP
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114-3485
(216) 861-7592 (direct)
(216) 373-6557 (facsimile)
tshunk@bakerlaw.com

Kenneth J. Sheehan
William Bergmann
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1500
(202) 861-1783 (facsimile)
ksheehan@bakerlaw.com
wbergmann@bakerlaw.com

*Attorneys for Plaintiff, 01 Communique Laboratory, Inc.*