**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **01 COMMUNIQUE LABORATORY, INC.,** | ) | Case No. 06CV0253 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | |
| **CITRIX SYSTEMS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM AND ORDER** |
| | ) | |

Defendants Citrix Systems, Inc. and Citrix Online, LLC (collectively "Citrix") filed the instant motion for a stay pending inter partes patent reexamination. (Doc. No. 162.) For the reasons set forth below, the court grants the stay.

**I.    Background**

Plaintiff 01 Communique Laboratory, Inc. ("Communique") is the owner of patent number 6,928,479 ("the '479 patent"), which relates to a system, computer product, and method for remotely accessing a personal computer from a web browser. On February 2, 2006, Communique filed its complaint against Citrix, claiming that Citrix had infringed upon the '479 patent. In response, Citrix filed its counterclaim for declaratory judgment that the '479 patent is unenforceable.

On December 7, 2007, Citrix filed its request for inter partes reexamination of the '479 patent with the Patent and Trademark Office ("PTO"). The request was based upon 11 prior art patents and publications that Citrix discovered during litigation.

On January 14, 2008, Citrix filed the instant motion for a stay in this court. At that time, the court was in the process of finalizing a discovery order in response to Citrix's previously filed motion to preclude Communique from relying on evidence that Communique had failed to disclose in response

to interrogatories.[1]  Having considered the arguments and the record, the court determined that Communique's conduct warranted sanctions, but that exclusion of the evidence at trial would not be in the interest of justice.  Instead, prejudice to Citrix could be cured by reopening discovery for the limited purpose of allowing Citrix to obtain the information sought.  When Citrix filed the instant motion to stay, the court refrained from issuing its order on the motion to preclude pending resolution of the instant motion.

## II.    Discussion

Congress intended the PTO reexamination process to be a relatively inexpensive and efficient means to review the validity of patents using the expertise of the PTO.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).  When reexamination proceeds concurrently with litigation concerning the same patents, a party to the litigation often seeks a stay of litigation pending reexamination.  In such cases, the court has "inherent power to manage [its] dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon*, 849 F.2d at 1426-27 (citations omitted).

In determining whether to stay litigation pending PTO reexamination, courts generally weigh three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citations omitted).  In examining these factors, courts often consider whether the moving party has sought a stay in good faith, or for the purposes of delay.  *See,*

---

[1] Since the case was filed just over two years ago, it has been wrought with discovery disputes, a number of which have led both parties to seek sanctions.

*e.g., id.* at 407; *Tdata Inc. v. Aircraft Technical Publishers*, No. 2:03-cv-264, 2008 U.S. Dist. LEXIS 698, at *10 (S.D. Ohio Jan. 4, 2008). The court will address these factors in order.

### A. *Prejudice*

Communique argues that a stay will essentially put it out of business, thus prejudicing its ability to protect its property rights. Communique's argument is based upon a misconception that with a trial date around the corner, this litigation will wrap up quickly in the absence of a stay. To the contrary, there are a number of pending motions to be resolved before trial, including Communique's motion to bifurcate trial. Further, Citrix has presented statistics indicating that the average pendency of patent cases with jury trials in this court is 55 months, excluding appeals. Accordingly, the court acknowledges that some prejudice may result, but remains unconvinced that it rises to the level of undue prejudice necessary to outweigh other factors in favor a stay.[2]

### B. *Simplification of Issues and Trial*

When a claim is cancelled as a result of reexamination, there is no need to try the issue, thus simplifying litigation. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). When claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial. *Id.*; *Slip Track Systems, Inc. v. Brady*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).

---

[2] Communique also argues that during the course of the stay, Citrix will develop new versions of its allegedly infringing software, which will require Communique to engage in more discovery after a stay is lifted. Should that occur, Citrix too would likely need to engage in discovery, especially in light of the PTO's determinations. The court will not speculate to what extent the reexamination determinations of the PTO would bear on the parties future discovery practice in this litigation.

Here, reexamination is likely to simplify the current litigation. First, the cancellation of claims contained in the '479 patent may eliminate the need to litigate infringement issues. Second, amendment of the claims during reexamination could also moot litigation of the infringement issues. Statistically speaking, there is a very small chance that all of the claims will survive reexamination without amendment. Accordingly, reexamination will likely simplify trial by eliminating the need to litigate Communique's infringement claim, thus weighing in favor of a stay.[3]

### C. *Stage of Litigation*

The final *Xerox* factor deals with the stage of litigation. Although *Xerox* looked to whether discovery was complete and a trial date had been set, "courts considering this factor do not stop at discovery and trial settings, but rather, routinely inquire as to the occurrence [of] summary judgment arguments, rulings on summary judgment, and the status of the final pretrial order, among other elements." *Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*, No. 03-cv-2223, 2006 U.S. Dist. LEXIS 46623, at *26-27 (D. Colo. July 11, 2006) (citing cases).

Currently, pending before the court are seven summary judgment motions, Citrix's motion to preclude Communique from introducing or relying upon evidence, Citrix's motion to compel, and Communique's motion to show cause. Further, as discussed above, if the court were to deny the stay, it would reopen discovery for the limited purpose of curing the deficiencies noted by Citrix in its motion

---

[3] The presence of Citrix's counterclaim seeking a declaratory judgment of unenforceability does not change the outcome. Contrary to Communique's argument, this court's recent opinion in *Lincoln Electric Co. v. Miller Electric Mfg. Co.* does not stand for the proposition that the presence of an unenforceability claim in light of a more advanced stage of litigation is reason alone to deny a stay. No. 1:06-cv-02981, 2007 U.S. Dist. LEXIS 65340, at *6 (N.D. Ohio Sept. 7, 2007). In *Lincoln Electric*, this court merely found that on the facts, the presence of an unenforceability claim, in light of the nascent stage of litigation, was insufficient to justify denying a stay. *Id.* The court expressed no opinion, however, as to what facts would have to be present for the presence of such a claim to justify denying a stay.

to preclude. Although not at an early stage of litigation, this case has not advanced so far to warrant denying Citrix's motion to stay. Accordingly, this factor does not weigh in favor of granting a stay.

### D. Dilatory Motives

Delay alone is insufficient evidence to support a finding of dilatory motives. *See*, *e.g.*, *Xerox*, 69 F. Supp. 2d. at 407; *Tdata*, 2008 U.S. Dist. LEXIS 698, at *9-10. For example, in *Xerox*, defendants, the movants, had threatened the plaintiff with reexamination based on prior art disclosed in plaintiff's interrogatory responses, but did not file their request for reexamination until days after the court denied defendants' motion for summary judgment, seven months after the threats. *Id*. On those facts, the court found "evidence that the movant's request for a stay ha[d] at least some dilatory tactical motive behind it." *Id*. Thus it was the delay *in light of* the entry of an order unfavorable to defendants that provided evidence of dilatory motives.

Dilatory motives may also be found where there is no persuasive cause for the delay and the filing is temporally related to a referral to court-ordered mediation. *See Tdata*, 2008 U.S. Dist. LEXIS 698, at *9-10. In *Tdata*, the court noted that the movant had "offered little persuasive cause for why it has waited so long to seek reexamination, and why it has waited so long to seek a stay after first filing its initial reexamination requests." *Id*. at *9. In that case, the case had been open for over four years before the movant filed its reexamination request. *Id.* at *3-4. Further, the movant waited two months from filing its request to file a motion for a stay. *Id.* at *6. The court noted that the timing of the movant's request for the stay "raises the possibility of a tactical maneuver, perhaps related to the referral to Court-ordered mediation that preceded the motion by only a few weeks." *Id*. at *9-10.

Here, there are insufficient facts to support a finding of dilatory motives on Citrix's part. First, Citrix did not unnecessarily delay filing the instant motion to stay after it filed its reexamination request.

Citrix filed its motion for a stay just over a month after submitting its reexamination request. This relatively short delay, especially given that it spanned the winter holidays, does not support a finding of dilatory motives. Second, the court is not convinced that Citrix unnecessarily delayed filing its request for reexamination with the PTO. Although the case was open for nearly two years before Citrix filed its reexamination request, Citrix offers a plausible explanation for the delay. Specifically, Citrix states that it could not prepare and narrow its reexamination requests at an earlier time because Communique had wrongfully refused to provide the necessary interrogatory responses. As already indicated, the parties were less than cooperative during discovery, and the court was aware of this particular deficiency before Citrix filed the motion to stay. Further, the timing of the motion to stay does not relate to any significant milestone in this case. In fact, the last significant order issued by the court had been filed over four months earlier. Accordingly, there is insufficient evidence to persuade the court that Citrix has engaged in dilatory tactics in seeking a stay.

## III. Conclusion

This is a close case. Although the issue of prejudice to Communique weighs against a stay, a stay would simplify the issues and trial of the case, and the litigation is not so advanced as to weigh against granting a stay. However, in light of the absence of dilatory motives, the court finds that the alleged prejudice to Communique is not so great as to outweigh the benefit to the parties, and to the court, in granting a stay.

For the foregoing reasons, the court grants Citrix's motion for a stay. (Doc. No. 162.) Accordingly, the court vacates all scheduled hearings and conferences and will hold all pending motions in abeyance, with the exception of Communique's motion to show cause. Citrix is ordered to notify the court when reexamination is completed.

IT IS SO ORDERED.

                                                         */s/ Ann Aldrich*
                                                         ANN ALDRICH
                                                         UNITED STATES DISTRICT JUDGE

Dated: March 12, 2008