# United States Court of Appeals for the Federal Circuit

**01 COMMUNIQUE LABORATORY, INC.,**
*Plaintiff-Appellant,*

v.

**LOGMEIN, INC.,**
*Defendant-Appellee.*

2011-1403

Appeal from the United States District Court for the Eastern District of Virginia in Case No. 10-CV-1007, Senior Judge Claude M. Hilton

Decided: July 31, 2012

THOMAS H. SHUNK, Baker Hostetler LLP, of Cleveland, Ohio, argued for plaintiff-appellant. With him on the brief were THOMAS D. WARREN, CHRISTINA J. MOSER; and KENNETH J. SHEEHAN, WILLIAM C. BERGMANN and A. NEAL SETH, of Washington, DC.

WAYNE L. STONER, Wilmer Cutler Pickering Hale and Dorr, LLP, of Boston, Massachusetts, argued for defendant-appellee. With him on the brief were VINITA FERRERA, ARTHUR W. COVIELLO and ALEXANDRA W. AMRHEIN.

Before RADER, *Chief Judge*, WALLACH, *Circuit Judge*, and FOGEL, *District Judge*.*

FOGEL, *District Judge*.

Plaintiff-Appellant 01 Communique Laboratory, Inc. ("01 Communique") appeals a decision of the United States District Court for the Eastern District of Virginia granting summary judgment of noninfringement in favor of Defendant LogMeIn, Inc. ("LogMeIn"). The district court's decision was based on the construction of a single claim term – "location facility" – contained in the patent-in-suit. Because we conclude that the district court's construction of this term was erroneous, we vacate the judgment and remand for further proceedings.

I.

01 Communique is the owner of U.S. Patent No. 6,928,479 ("the '479 Patent" or "the patent"), which relates to technology that enables one computer to access another computer remotely via the Internet. The patent contains five independent claims describing systems, methods, and products for enabling such remote access, as well as numerous claims dependent therefrom. In broad outline, the patent discloses use of a "locator server computer" as an intermediary between a "remote computer" (the computer seeking access) and a "personal computer" (the computer to be accessed). *See, e.g.*, '479 Patent col. 11 ll. 1-3, col. 12 ll. 50-52, col. 13 ll. 23-25, col. 13 l. 64-col. 14 l. 1, col. 14 ll. 41-43. The locator server computer "includes" software, re-

---

* Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

ferred to in the patent as a "location facility," that *inter alia* locates the personal computer. *See, e.g., id.* col. 10 ll. 51-53, col. 12 ll. 36-37, col. 13 ll. 13-14. Representative claim 1 recites:

> 1. A system for providing access to a personal computer having a location on the Internet defined by a dynamic IP address from a remote computer, the system comprising:
>
> (a) a personal computer linked to the Internet, its location on the Internet being defined by either (i) a dynamic public IP address (publicly addressable), or (ii) a dynamic LAN IP address (publicly un-addressable), the personal computer being further linked to a data communication facility, the data communication facility being adapted to create and send a communication that includes a then current dynamic public IP address (publicly addressable) or dynamic LAN IP address (publicly un-addressable) of the personal computer;
>
> (b) a locator server computer linked to the Internet, its location on the Internet being defined by a static IP address, and including a *location facility* for locating the personal computer; and
>
> (c) a remote computer linked to the Internet, the remote computer including a communication facility, the communication facility being operable to create a request for communication with the personal computer, and send the request for communication to the locator server computer;
>
> wherein the data communication facility includes data corresponding to the static IP address of the lo-

cator server computer, thereby enabling the data communication facility to create and send on an intermittent basis one or more communications to the locator server computer that include the then current dynamic public IP address or dynamic LAN IP address of the personal computer; and

wherein the locator server computer is operable to act as an intermediary between the personal computer and the remote computer by creating one or more communication sessions there between, said one or more communication sessions being created by the *location facility*, in response to receipt of the request for communication with the personal computer from the remote computer, by determining the then current location of the personal computer and creating a communication channel between the remote computer and the personal computer, the *location facility* being operable to create such communication channel whether the personal computer is linked to the Internet directly (with a publicly addressable) dynamic IP address or indirectly via an Internet gateway/proxy (with a publicly unaddressable dynamic LAN IP address).

'479 Patent col. 10 l. 38-col. 11 l. 15 (emphasis added to the disputed claim term).

01 Communique asserts infringement of the patent by LogMeIn, a company that develops and markets remote access products. In its order dated May 4, 2011, the district court determined that all of the allegedly infringed claims of the '479 Patent require "a 'locator server computer' that 'includes a location facility.'" *See 01 Communique Lab., Inc. v. LogMeIn, Inc.*, No. 1:10cv1007, 2011 WL 1740144, at *1

(E.D. Va. May 4, 2011) ("*Order*"). It then construed "location facility" as:

> a component of a locator server computer that itself: 1) creates communication sessions between a remote computer and personal computer; 2) receives a request for communication with the personal computer from the remote computer; 3) locates the personal computer (and "determines the then location of the personal computer"); and 4) creates a communication channel between a remote computer and the personal computer.

*Id.* at *4.

The district court concluded that the location facility must be contained on a single physical computer, relying primarily upon a perceived disclaimer in the prosecution history of a construction that would encompass distribution of the location facility among multiple computers. Because it determined that "[t]he LogMeIn system does not contain any component that itself performs all the four functions required of the location facility under the Court's construction of the term," the district court held as a matter of law that LogMeIn does not infringe the '479 Patent. *Id.* at *6-7.

01 Communique appeals the district court's construction of the term "location facility" and the resulting grant of summary judgment of noninfringement. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

II.

"[W]e review a district court's claim construction *de novo.*" *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011). "To ascertain the scope and meaning of the asserted claims, we look to the words of

01 COMMUNIQUE LAB v. LOGMEIN      6

the claims themselves, the specification, the prosecution history, and, if necessary, any relevant extrinsic evidence." *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 677 F.3d 1361, 1366 (Fed. Cir. 2012) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315-17 (Fed. Cir. 2005) (en banc)).

Infringement is a question of fact. *Absolute Software*, 659 F.3d at 1129-30. "On appeal from a grant of summary judgment of non-infringement, we determine whether, after resolving reasonable factual inferences in favor of the patentee, the district court correctly concluded that no reasonable jury could find infringement." *Id.* at 1130.

### III.

Although the district court's order refers to the location facility as a "device,"[1] the parties agree that the location facility is software that runs on the locator server computer. There is no indication in the specification that the location facility is a physical device rather than software. The terms "facility" and "program" are used interchangeably in the specification, suggesting that the "facilities" referenced throughout the patent are software, rather than hardware, components. *See* '479 Patent col. 7 ll. 42-43 (discussing a "data communication program or facility"); *id.* col. 10 ll. 11-12 (referring to "computer program facilities"). As will become apparent, the district court's understanding of the location facility as a "device" may explain its ultimately erroneous construction of the term.

---

[1] *See Order* at *6 (stating that "nothing in LogMeIn's accused products is a location facility as required by all of 01's asserted claims: a *device* that itself receives a request for communication with a personal computer, locates the personal computer, and creates a communication channel between a remote computer and a personal computer") (emphasis added).

The parties also agree that the location facility performs the four functions enumerated in the district court's claim construction. *See* '479 Patent col. 11 ll. 3-10. 01 Communique argues that because those functions are set forth expressly in the claim, it would be "redundant and unnecessary" to incorporate them into the construction of "location facility." However, 01 Communique has not cited, and we have not discovered, any authority for the proposition that construction of a particular claim term may not incorporate claim language circumscribing the meaning of the term. The claim language makes clear that the location facility in fact does perform the functions in question. The district court correctly incorporated those functions into its claim construction.

Having addressed these preliminary matters, we now take up the issue upon which this appeal turns – whether the location facility must be contained entirely on a single locator server computer as held by the district court and asserted by LogMeIn, or whether it may be distributed among multiple locator server computers as asserted by 01 Communique. LogMeIn argues that the district court's construction is supported by the fact that the claims refer to the locator server computer in the singular. It points to language such as the following: "*a* locator server computer linked to the Internet, *its* location on the Internet being defined by *a* static IP address." '479 Patent col. 10 ll. 51-53 (emphasis added); *see also id.* col. 10 ll. 61-62 ("the data communication facility includes data corresponding to *the* static IP address of *the* locator server computer") (emphasis added). LogMeIn asserts that "because 'its' and 'the' are singular terms, the claimed 'location facility' must be a software component that is included within a single locator server computer."

LogMeIn's argument is at odds with our well-established precedent. "As a general rule, the words 'a' or 'an' in a patent claim carry the meaning of 'one or more.'" *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d 1290, 1303 (Fed. Cir. 2008). "The exceptions to this rule are extremely limited: a patentee must evince a clear intent to limit 'a' or 'an' to 'one.'" *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342 (Fed. Cir. 2008) (internal quotation marks and citation omitted). "The subsequent use of definite articles 'the' or 'said' in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning." *Id.* An exception to the general rule arises *only* "where the language of the claims themselves, the specification, or the prosecution history necessitate a departure from the rule." *Id.* at 1342-43.

Here, nothing in the claim language or the specification compels a departure from the general rule. The patent's use of words such as "a," "its," and "the" in the claims is insufficient to limit the meaning of "locator server computer" to a single physical computer. LogMeIn claims that such a limitation is supported by the specification, noting that some figures show the location facility 6 as part of a single locator server computer 12. *See* '479 Patent Figs. 1-2. However, the fact that a locator server computer is represented by a single box in some of the figures does not "necessitate" a departure from the general rule that "a" locator server computer may mean "one or more" locator server computers. More to the point, the specification also discloses expressly that "Server Computer 12 may comprise one or more computers, as is well known." *Id.* col. 5 ll. 24-25.

LogMeIn contends that this language is not sufficiently particular to show how the location facility would operate on

more than one computer. The specification discloses that "a number of computer program facilities are described in this invention as separate facilities for the sake of describing the invention. However, it should be understood that . . . such facilities can be sub-divided into separate facilities." '479 Patent col. 10 ll. 11-16. Read together, the disclosures that facilities may be subdivided and that the locator server computer may comprise multiple computers support a construction that the location facility may be distributed among multiple physical computers. Even if we were to conclude that the specification is ambiguous on this point, such ambiguity hardly is evidence of the clear intent necessary to overcome the effect of the general rule of claim construction applicable here.

### IV.

"When the patentee makes clear and unmistakable prosecution arguments limiting the meaning of a claim term in order to overcome a rejection, the courts limit the relevant claim term to exclude the disclaimed matter." *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1286 (Fed. Cir. 2005). "A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer." *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012). "An ambiguous disclaimer, however, does not advance the patent's notice function or justify public reliance, and the court will not use it to limit a claim term's ordinary meaning." *Sandisk*, 415 F.3d at 1287. "There is no 'clear and unmistakable' disclaimer if a prosecution argument is subject to more than one reasonable interpretation, one of which is consistent with a proffered meaning of the disputed term." *Id.*

In 2007, third party Citrix Systems ("Citrix") requested *inter partes* reexamination of the '479 Patent. On reexamination, the U.S. Patent and Trademark Office initially rejected all of the patent's claims as unpatentable over prior art, but on July 6, 2010, it issued a Right of Appeal Notice withdrawing the rejections as to the particular claims at issue here. The district court concluded that "[d]uring the re-examination of the '479 Patent, 01 clearly and ambiguously [sic] *disclaimed* having more than one device perform the functions of the location facility." *Order* at *4 (emphasis in original). It appears that the district court understood this to mean that 01 Communique disclaimed a system, method, or product in which the location facility is distributed among multiple locator server computers. This conclusion is not supported by the record.

The district court relied upon statements made by 01 Communique's expert, Dr. Gregory Ganger, during the reexamination process. Dr. Ganger opined that in the patented invention the location facility creates a communication channel between the remote computer and the personal computer, and that this "create" limitation would not be satisfied by a location facility "that is simply used by some other component that creates the communication channel." Joint Appendix ("JA") 18002. Dr. Ganger emphasized that "the location facility, itself, [must] create the communication channel." *Id.* The district court apparently read these statements to disclaim distribution of the location facility among multiple computers. *See Order* at *4. However, Dr. Ganger's statements addressed another point entirely – he was differentiating between technology in which the location facility *itself* creates the communication channel and technology in which some component *other than the location facility* creates the communication channel. JA 18002-03. Dr. Ganger then distinguished the patented invention – in which the location facility creates

the communication channel – from prior art in which another component, such as the remote computer or personal computer, uses the location facility to create the communication channel. JA 18008-09, 18015. Dr. Ganger did not address whether the location facility must be contained on a single locator server computer or may be distributed among multiple locator server computers.

LogMeIn asserts that 01 Communique disclaimed distribution of the location facility among multiple computers in order to avoid rejection based upon two prior art references, referred to herein collectively as "Crichton."[2] Dr. Ganger described Crichton as disclosing technology in which three separate components – a "middle proxy" sandwiched between two "end proxies" – establish the connection between the remote computer and the personal computer. JA 18006-07. Dr. Ganger opined that the middle proxy of Crichton corresponds to the location facility of the '479 Patent. *Id.* However, he also concluded that the middle proxy does not determine the location of the personal computer, as is taught by the '479 Patent, but instead determines the location of an end proxy, which then determines the location of the personal computer. JA 18007. The examiner agreed, JA 27677-78, 27692, and found the subject claims patentable over Crichton and other prior art of record on the basis that, "the prior art fails to teach or suggest that the location facility determines the then current location of the personal computer and creates a communication channel between the remote computer and the personal computer," JA 27696. Nothing in the record suggests a disclaimer based upon Dr. Ganger's statements. As

---

[2] The patents comprising the Crichton reference are U.S. Patent No. 6,104,716 A and U.K. Patent No. GB2323757. JA 27671. They are not included in the record.

noted earlier, the district court's understanding of the location facility as a "device" may have led to its erroneous conclusion to the contrary.

Finally, LogMeIn contends that 01 Communique's cancellation of claim 49 following its rejection by the examiner effectively disclaimed a subdivided location facility that is distributed among multiple computers. During reexamination, 01 Communique proposed several new claims (including claim 49) that defined "locator server computer" to encompass multiple computers. JA 6102-06. The record does not include all pages of the August 19, 2009 Action Closing Prosecution in which those claims were rejected. However, it appears that all of the claims that disclosed multiple locator server computers depended from claims 47[3], 52, 58, 63, and 69, which recited a limitation that the locator server computer verifies the personal computer's Internet connection. JA 28151. Because the specification disclosed that the personal computer verifies its own Internet connection, the examiner concluded that claims 47, 52, 58, 63, and 69, and claims dependent therefrom, failed to comply with the written description requirement of 35 U.S.C. § 112. *Id.*

The examiner found that there was an additional basis to conclude that claims 49, 54, 60, 65, 71, and 75 – comprising some, but not all, of the claims disclosing multiple locator server computers – failed to comply with the written description requirement. JA 28151. Those claims recited a limitation that the second locator server computer facilitates one or more communication sessions between the

---

[3] The examiner indicated that claims 49-51 depended from claim 48. JA 28151. Claim 48 depended from claim 47. JA 6104.

remote computer and the personal computer but does not locate the personal computer. *Id.* The examiner found that the specification failed to suggest that the second locator server computer does not perform the locate function. *Id.* However, the examiner stated expressly that *other* claims disclosing multiple locator server computers – in particular, claims 48, 53, 59, 64, 70, and 74 – "are fully supported by the specification of the '479 Patent." JA 28161. Specifically, the examiner concluded that, "the disclosure of the '479 Patent has never defined that the locator server computer or server computer comprises a singular component," and that to the contrary, "the specification of the '479 Patent clearly defines that the server computer comprises one or more computers at col. 5, lines 24-25." JA 28159. This record does not support LogMeIn's position as to the effect of 01 Communique's cancellation of claim 49.

Accordingly, we construe the term "location facility" as[4]:

Software on a locator server computer that: (1) receives a request for communication with the personal computer from the remote computer; (2) determines the then current location of the personal computer; (3) creates a communication channel between the remote computer and the personal com-

---

[4] This construction includes the same four functions enumerated by the district court, although the functions have been rephrased to track the claim language more closely, and have been listed in a different order. However, the construction omits the word "itself," which the district court imported from Dr. Ganger's discussion of the location facility's "create" function. We believe that the word is unnecessary to construction of the term "location facility," and that use of a singular pronoun might suggest misleadingly that all of the functions of the location facility must be performed on a single computer, despite our explicit construction to the contrary.

puter; and (4) creates one or more communication sessions between the remote computer and the personal computer. The locator server computer may comprise one or more computers, and the location facility may be distributed among one or more locator server computers.

## V.

The district court found that LogMeIn's accused products use multiple server computers, and that no single one of those computers performs all of the functions of the location facility. *Order* at *6-7. It therefore concluded that LogMeIn's products could not infringe the '479 patent under its claim construction, which required that the location facility be contained on a single computer. Because the district court's ruling was based upon an erroneous claim construction, we vacate the summary judgment of noninfringement.

**VACATED and REMANDED.**

Each party shall bear its own costs.