GOODWIN | PROCTER

Douglas J. Kline
617.570.1209
dkline@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 24, 2012

**VIA FACSIMILE AND ECF**

The Honorable Sara Lioi
U.S. District Court for the Northern District of Ohio
John F. Seiberling Federal Building and U.S. Courthouse
Two South Main Street, Room 526
Akron, Ohio 44308

Re:  *01 Communique Laboratory Inc. v. Citrix Systems, Inc. and Citrix Online, LLC*, **No. 1:06-CV-253-SL (N.D. Ohio)**

Dear Judge Lioi:

      We represent defendants Citrix Systems, Inc. and Citrix Online, LLC ("Citrix"), and we write in response to 01 Communique Laboratory, Inc.'s letter to the Court dated August 16, 2012 ("Letter", D.I. 234).

      The Court stayed this matter "until the PTO's reexamination of [the patent-in-suit] is completed." (D.I. 215 ("First Stay Order"), D.I. 224 ("Second Stay Order")). There is no dispute that the PTO's reexamination is *not* complete, and all the Court's reasons for entering the stay remain valid today. (*See* Citrix's Opposition to 01's Motion to Lift Stay and Set Order for Trial ("Opposition", D.I. 231), at 1-11). Indeed, prematurely lifting the stay now would re-impose all of the burdens that the stay was intended to avoid, thereby negating all benefits gained from the stay so far.

      Moreover, as explained in Citrix's prior Opposition, if the stay were lifted prematurely now, any work that the parties and the Court devote to this litigation from this point forward would likely concern either invalid or moot patent claims and thus be wasted. That wasted work would be considerable and would include, for example, conducting new claim construction proceedings in light of the reexamination and additional Citrix products that 01 has indicated it intends to bring into issue; hearings and opinions on over twenty pending motions, including four Citrix summary judgment motions; new infringement and invalidity contentions; new and extensive fact discovery; new expert reports and expert depositions; new inequitable conduct and invalidity defenses; and new motions for summary judgment.

      In the face of the foregoing, 01 argues that the Court should nonetheless ignore its own prior orders and lift the stay because of the Federal Circuit's *LogMeIn* and *Bettcher Industries*

LIBNY/5215958.2

GOODWIN | PROCTER

The Honorable Sara Lioi
August 24, 2012
Page 2

decisions. But these decisions provide no basis for lifting the stay here. Contrary to 01's misstatements, the *LogMeIn* decision did not address or resolve any of the many claim construction issues and disputes that will face this Court when this case resumes (if 01's patent survives reexamination). Nor did the Federal Circuit's *LogMeIn* decision address this Court's stay, as 01 also wrongly suggests. The *LogMeIn* parties did not even raise with the Federal Circuit whether a stay in the *LogMeIn* case was appropriate, much less whether the Court's maintaining its stay in *this* action would be an abuse of this Court's discretion.

01's attempt to rely on the Federal Circuit's *Bettcher Industries* decision is equally baffling. In 01's pending Motion to Lift Stay and Set Order for Trial ("Motion", D.I. 230), it argued that the *Bettcher Industries district court's* holding concerning *inter partes* reexamination estoppel established that the stay should be lifted. On appeal, the Federal Circuit rejected the *Bettcher Industries* district court's holding relied on by 01 and, in doing so, confirmed this Court's and Citrix's prior reasons for maintaining the stay. 01 not only fails to inform the Court that the Federal Circuit has ruled that 01's earlier statement of the law is incorrect, 01 also somehow argues (without any explanation) that the Federal Circuit's rejection of 01's pending reason for lifting the stay somehow supports 01's request to lift the stay.

For these reasons (discussed in more detail below and in Citrix's prior Opposition), the Court should follow its own prior orders and decline to lift the stay of this case pending resolution of the ongoing reexamination.

**I. 01 Mischaracterizes the Federal Circuit's *LogMeIn* Decision**

01's letter relies on several misstatements regarding the Federal Circuit's recent decision in *01 Communique Laboratory, Inc. v. LogMeIn, Inc.*, No. 2011-1403 (Fed. Cir. July 31, 2012) (D.I. 234-1). 01 wrongly asserts that "the Federal Circuit concludes that 01's statements during reexamination did not narrow claim scope as has been alleged by Citrix." (Letter at 1). But *LogMeIn* did not address any of the claim construction issues that Citrix identified in its Opposition as being affected by statements that 01 during the reexamination.[1] These issues include the 01's reexamination statements concerning, and the correct constructions for, the following claim limitations: (1) "personal computer"; (2) "data communication facility"; (3) "act[ing] as an intermediary between the personal computer and the remote computer"; (4) "creating one or more communication sessions [between the personal and remote computers]"; (5) "determining the then current location of the personal computer"; and (6) a data communication facility that creates and sends "one or more communications to the locator server computer that include the then current dynamic public IP address or dynamic LAN IP address of

---

[1] Also incorrect is 01's assertion—without citation or explanation—that the Federal Circuit's construction of "location facility" is consistent with Judge Aldrich's earlier constructions in this action.

GOODWIN | PROCTER

The Honorable Sara Lioi
August 24, 2012
Page 3

the personal computer." (Opposition at 5-7; Declaration of Dr. Richard E. Newman ("Newman Declaration", D.I. 231-2) at ¶¶ 7-9, 15-17, 22, 24, 27, 29, 34).

*LogMeIn* did not address any of these issues, but instead only addressed a single claim construction issue: whether the claimed "location facility" must be contained on a single physical computer. *LogMeIn* at 5. Thus, the Federal Circuit's decision in *LogMeIn* does not resolve how these claim terms should be construed in light of the statements made by 01 during the reexamination. Indeed, in *LogMeIn*, the Federal Circuit construed the disputed term by extensively examining 01's and its expert's arguments and statements during the reexamination. *LogMeIn* at 9-12. Thus, contrary to 01's argument here, *LogMeIn* confirms that this Court must consider 01's statements in the reexamination—which remains ongoing—in construing the claims of the patent-in-suit, and cannot simply proceed under Judge Aldrich's prior claim constructions.

Also baseless is 01's argument that the Federal Circuit somehow suggested that this stay should be lifted. The Federal Circuit did not address the utility of a stay in *LogMeIn* because no party asked it to do so, and the issue was not before the Court. The Federal Circuit's resolution of the sole claim construction issue before it is not an implicit adoption of 01's position here.[2]

## II. The Federal Circuit's *Bettcher Industries* Decision Rejects 01's Argument For Lifting The Stay

Judge Aldrich identified the reduction of invalidity defenses as one of the benefits of the stay, stating: if the "claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial." (First Stay Order at 3-4). And Judge Aldrich was right. Should claims emerge from the reexamination unchanged, Citrix will be bound by the final outcome regarding prior art that was presented or could have been presented to the PTO during the *inter partes* reexamination of the patent. 35 U.S.C. § 315(c). Thus, if this action remains stayed, the Court will not have to address the §§ 102 and 103 invalidity defenses and issues now before the PTO, which serves to promote judicial economy. If the stay were lifted, however, Citrix would be free to continue to pursue these same defenses in this litigation.

---

[2] A stay in the *LogMeIn* case would have had less of a benefit than maintaining the stay here will. Because LogMeIn is not a party to the reexamination, it would not have been precluded from asserting invalidity based on the prior art available during the reexamination precluded by 35 U.S.C. § 315(c). On the contrary, because Citrix is a party to the reexamination, it will be so precluded upon the completion of the reexamination, thus reducing and simplifying the issues to be addressed before this Court if the stay is kept in place until the final determination of the reexamination. *See Bettcher Industries*, 661 F.3d at 648.

GOODWIN | PROCTER

The Honorable Sara Lioi
August 24, 2012
Page 4

In 01's pending motion to lift the stay, however, it argued that this benefit would not be lost if the stay were lifted because—according to 01—Citrix was already estopped from pursuing these defenses, even though the reexamination is not yet completed. (Motion at 14-19; 01's Reply in Support of Its Motion to Lift Stay and To Set Order for Trial ("Reply", D.I. 232), at 7). In doing so, 01 relied heavily on the district court's decision in *Bettcher Industries v. Bunzl USA, Inc.*, No. 3:08-CV-2423, D.I. 223 (N.D. Ohio June 9, 2010). (Motion at 15 n.6; Reply at 7). But the Federal Circuit has since **rejected** 01's position, finding the *Bettcher Industries* district court's view of estoppel on which 01 relied wrong as a matter of law. *Bettcher Industries, Inc. v. Bunzi USA, Inc.*, 661 F.3d 629, 648 (Fed. Cir. 2011). Contrary to 01's arguments to this Court, the Federal Circuit found in *Bettcher Industries* that "the estoppel provision of 35 U.S.C. § 315(c) applies only after all appeal rights are exhausted." *Id.*

### III.     Lifting the Stay Now Would Negate the Benefits of the Stay

Judge Aldrich held that "reexamination is likely to simplify the litigation." (First Stay Order at 4). If the reexamination results in the cancellation of claims "there is no need to try the case, thus simplifying the litigation." (*Id.* at 3). Likewise, amendment of the claims during reexamination could also moot litigation of the infringement issues." (*Id.*). On the other hand, if the "claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial." (*Id.*). If the stay were lifted now, all of these benefits would be lost.

In addition, the Court will need to construe the claims based on the current state of reexamination proceedings, and then revisit the claim construction again (and possibly again) as the reexamination proceedings continue and more relevant statements are made by 01 and the PTO. (*See* Opposition at 4-7). And, any work that the parties and the Court would devote to this litigation from now until the completion of the reexamination would likely concern either invalid claims or the wrong claims. The chance that this considerable amount of work would be wasted is significant. As established in Citrix's Opposition, based on fifty *inter partes* appeals decided by BPAI to date, there is a greater than fifty percent chance that 01's patent claims will not survive the current appeal in their current state. (Opposition at 8).

### IV.     This Case Is Not In a Position To Be Ready For Trial Soon After Lifting of The Stay

01's letter asks that the stay be lifted "and an order for trial be set." (Letter at 2). 01's motion similarly claimed that this case "was ready for trial" when Judge Aldrich entered the stay. (Motion at 8). 01 is incorrect. (*See* First Stay Order at 5 ("[T]his case had not advanced so far to warrant denying Citrix's motion to stay.")). Over twenty motions were pending, including four Citrix motions for summary judgment and eleven Citrix motions *in limine*, when the stay was entered. (*See id.* at 3, 4 ("[T]here are a number of pending motions to be resolved before trial, including [01]'s motion to bifurcate trial. . . . [C]urrently pending before the court are seven summary judgment motions, Citrix's motion to preclude [01] from introducing or relying upon

GOODWIN | PROCTER

The Honorable Sara Lioi
August 24, 2012
Page 5

evidence, Citrix's motion to compel, and [01]'s motion to show cause.")). Further, the Court was preparing to reopen discovery to sanction 01 for its discovery misconduct. (*Id.* at 2 ("[T]he court determined that [01]'s conduct warranted sanctions . . . [and that] prejudice to Citrix could be cured by reopening discovery . . . .")).

    Additionally, there are likely to be substantial further tasks that will be added to the case upon the lifting of the stay that will need to be completed before trial. For example, 01 has indicated that it intends to add additional products to this case when the stay is reopened (Reply at 2), "which will require [01] to engage in more discovery after a stay is lifted. Should that occur, Citrix too would likely need to engage in discovery . . . ." (First Stay Order at 3 n.2). The parties and the Court will also need to again conduct claim construction proceedings in view of the substantial additional prosecution history that has transpired—and continues to transpire—in the ongoing reexamination. This additional claim construction and discovery likely will necessitate additional expert reports and depositions, new defenses, and new or revised motions for summary judgment. Finally, Citrix intends to amend its pleading to add an additional inequitable conduct defense based on misconduct by 01 and its expert during the reexamination. Specifically, in each instance where 01 and its expert attempted to overcome the patent Examiner's prior art rejections by contradicting their prior representations to this Court, 01 and its expert failed to provide or to identify to the Examiner their prior sworn statements made in this litigation, thereby misleading the Examiner to withdraw his previous rejections claims of the patent-in-suit. (*See* Newman Declaration at ¶¶ 7-9, 15-17, 22, 24, 27, 29, 34). 01 and its expert have thus committed inequitable conduct, rendering the patent-in-suit unenforceable.

## V.    Conclusion

    In sum, 01's letter and pending motion fail to provide any sound reason for lifting the stay. The reexamination is indisputably *not* completed, and lifting the stay at this time would lead to many of the inefficiencies Judge Aldrich sought to avoid in staying this case. Consistent with Judge Aldrich's First and Second Stay Orders, Citrix respectfully submits that the case should remain stayed and closed until "the PTO reexamination is completed."

    Respectfully,

    /s/ Douglas J. Kline

    Douglas J. Kline

cc:    Thomas H. Shunk, Esq.