UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 01 COMMUNIQUE LABORATORY, INC., | ) ) ) | CASE NO. 1:06CV253 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| | ) ) | |
| CITRIX SYSTEMS, INC. and CITRIX ONLINE, LLC, | ) ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the appeal by plaintiff 01 Communique Laboratory, Inc. ("plaintiff") of the magistrate judge's March 19, 2014 order (Doc. No. 257) resolving the parties' discovery dispute relating to the production of certain documents and source code. (Doc. No. 260.) In the alternative, plaintiff has moved for leave to amend its complaint. (*Id.*; Doc. No. 261.) Defendants, Citrix Systems, Inc. ("Citrix") and Citrix Online, LLC ("Citrix Online") (collectively "defendants"), have filed a response (Doc. No. 267), and plaintiff has replied. (Doc. No. 268.)

### I. BACKGROUND

A brief review of the factual and procedural posture of this patent case is necessary to properly frame the present appeal and the alternative request to amend. Plaintiff is a foreign corporation with headquarters located in Mississauga, Ontario. (Am.

Compl., Doc. No. 15 at ¶ 1.) Plaintiff "manufactures and sells I'm In Touch, a secure, Internet-based remote access solution that provides the ability to log in and work on a personal computer running the I'm In Touch software from virtually any device with an Internet connection." (*Id*.) It is the owner by assignment of United States Patent No. 6,928,479 ("'479 patent"). (*Id*. at ¶ 9.)

Defendants, both Delaware corporations with principal places of business in Florida, also sell Internet-based software designed to permit remote access to computers and computer-related services. (*Id*. at ¶¶ 2-4.) Defendants' products include: GoToMyPC®, GoToAssist™, and—pertinent to the present discovery dispute—GoToMeeting™.[1] (*Id*. at ¶ 4.)

The case was initially assigned to the docket of the Hon. Ann Aldrich. In the original complaint, filed February 1, 2006, plaintiff identified GoToMeeting as one of defendants' products (Compl., Doc. No. 1 at ¶¶ 2, 3), but only directly accused the software program, GoToMyPC, as infringing upon the '479 patent. (*Id*. at ¶ 9.) Plaintiff amended its complaint on April 18, 2006. (Doc. No. 15.) While plaintiff once again identified GoToMeeting as one of defendants' products (*id*. at ¶¶ 4, 5), it again confined its specific accusations of infringement to GoToMyPC. (*Id*. at ¶ 11.)

Over the course of the next two years, the parties engaged in extensive discovery, out of which grew a number of contentious discovery disputes. On November 2, 2006, Judge Aldrich conducted a *Markman* hearing, and she issued a ruling on claim

---

[1] For ease of reference, the Court will not repeat the trademark and registration marks in its discussion of defendants' products.

construction on March 13, 2007. (Doc. No. 73.) Claim construction was followed by a round of summary judgment motions (Doc. Nos. 146-47, 149-50, 152-53) and motions in limine. (Doc. Nos. 191-96, 198-202.)

On December 7, 2007, defendants filed a request for *inter partes* reexamination of the '479 patent with the PTO. Shortly thereafter, on January 14, 2008, defendants moved to stay this matter pending the PTO's determination of the validity of plaintiff's patent. The PTO granted defendants' request for reexamination on March 4, 2008. Judge Aldrich, in turn, granted defendants' motion to stay on March 12, 2008. (Doc. No. 215.) At that time, Judge Aldrich found that a stay was warranted because reexamination had the potential to simplify or streamline the litigation. (*Id*. at 5693.) Following the imposition of the stay, Judge Aldrich administratively terminated the pending dispositive and evidentiary motions without issuing rulings thereupon.

On September 10, 2010, following the death of Judge Aldrich, the action was reassigned to the undersigned.[2] By that time, the case had been stayed for approximately two and one-half years. Plaintiff subsequently filed two related motions: a motion to lift the stay (Doc. No. 230) and a motion to reopen the case. (Doc. No. 236.) The Court held a hearing on the pending motions on January 29, 2014. The motion hearing represented the first time the parties appeared before the undersigned, and, as such, the Court permitted the parties to provide some background on the relevant technology and the status of the case prior to the stay. In addition, counsel for the parties

---

[2] The case was initially reassigned to the docket of the Hon. Dan Polster. Judge Polster recused himself, noting that he had previously presided over a mediation session with the parties. (Order of Recusal, Doc. No. 227.)

commented on what additional discovery would need to be completed to prepare this case for trial. Both sides agreed that, given the passage of time, certain discovery relating to the source code used to operate GoToMyPC would have to be updated. (Hearing Transcript, Doc. No. 243 at 6393-95, 6415-16.)

During the hearing, counsel for plaintiff also raised issues relating to GoToMeeting. According to counsel, GoToMeeting was "a new product" that "is, in some ways different than GoToMyPC that Judge Aldrich heard about." (*Id*. at 6397.) He explained that, "[i]t is our belief that [GoToMeeting] uses the same engine as GoToMyPC, and therefore, for the same reasons that GoToMyPC infringes GoToMeeting also infringes. It wasn't at issue before Judge Aldrich because it had just begun to come out as that matter was moving towards trial." (*Id*. at 6398.) While discovery on GoToMyPC only needed to be updated, plaintiff's counsel conceded that no discovery had been taken, to date, on GoToMeeting. (*Id*. at 6426-27.)

At the conclusion of the hearing, the Court took the pending motions under advisement, though the Court informed counsel and the parties that it was inclined to lift the stay. (*Id*. at 6428-29.) In due course, the Court granted the motions and lifted the stay, effective February 25, 2014. Three days later (February 28, 2014), the Court issued an Amended Case Management Plan and Trial Order ("Am. CMPTO"), setting forth the dates and deadlines that were to govern the case going forward. (Doc. No. 250.)[3]

---

[3] At the conclusion of the motion hearing, the Court asked counsel to meet and confer and submit by email a document containing a proposed set of dates and deadlines for the Court's consideration. (Doc. No. 243 at 6428-30.) In issuing the Am. CMPTO, the Court essentially adopted both the dates and language proposed by the parties.

4

The only date relating to discovery provided that, by March 21, 2014, the parties were to "update document production and source code production[.]" (*Id*. at 6458.)

Unfortunately, it did not take long for the parties to become embroiled in another discovery dispute. Scarcely a week later (on March 6, 2014), plaintiff sent a letter to the Court advising of a disagreement over whether defendants were required to provide discovery on their GoToMeeting product and the manner in which defendant was to produce updates of its source code. (Doc. No. 254.) While plaintiff insisted that defendants' obligation to supplement discovery included the duty to provide initial discovery on GoToMeeting (*id*. at 6484-85), defendants maintained that the Court's instruction to "update" discovery did not constitute an invitation to expand the scope of the case to include infringement accusations against GoToMeeting. (Doc. No. 255 at 6501.)

The Court referred the discovery dispute to the magistrate judge. (Doc. No. 256.) On March 19, 2014, following a telephone conference with counsel, Magistrate Judge Kathleen Burke issued a minute order denying plaintiff's request to compel defendants to produce the source code for GoToMeeting. (Doc. No. 257 at 6737.) In support of her decision, the magistrate judge underscored the fact that the Court had instructed the parties to "update" the source code instead of providing discovery anew. (*Id*.) The magistrate judge also instructed the parties to meet and confer in order to arrive at an acceptable method for producing the updated source code for GoToMyPC. (*Id*.) Plaintiff's appeal focuses upon the magistrate judge's ruling relative to GoToMeeting.

## II. PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S DISCOVERY RULING

### A. Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district court judge to designate a magistrate judge to determine non-dispositive pretrial matters. When a party timely objects to a magistrate judge's order on a non-dispositive matter, the district judge must set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A factual finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). This standard does not empower a reviewing court to reverse the magistrate judge's finding simply because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985).

### B. Analysis

It is plaintiff's position on appeal that "Magistrate Judge Burke's determination that discovery on the GoToMeeting service was not contemplated by the Case Management Plan is clearly erroneous and should be set aside." (Doc. No. 260 at

6

6751.) According to plaintiff, GoToMeeting has always been a part of the case. In support, plaintiff observes that the complaint and the amended complaint broadly accused defendants of infringing the '479 patent through its "'Internet-based access, support, and collaboration software and services' which include but are not limited to 'GoToMyPC, a solution for remote, secure, and managed desktop personal computer access over the Internet, GoToAssist, a remote support solution, and GoToMeeting, a solution for conducting online meetings.'" (*Id*. at 6751-52 [citing Doc. No. 1 at ¶¶ 2, 3, 9, and Doc. No. 15 at ¶¶ 4, 5, 11].) There are several problems with this stance.

First, plaintiff's argument that GoToMeeting has always been part of the case is directly contradicted by its counsel's position at the motion hearing that GoToMeeting was "a new product" that "*wasn't at issue before Judge Aldrich* because it had just begun to come out as that matter was moving towards trial."[4] (Doc. No. 243 at 6397-98) (emphasis added). Counsel confirmed that GoToMeeting had not been a focus of the case prior to the stay by conceding that, to date, there had been no discovery on GoToMeeting.[5] (*Id*. at 6426-27 [noting that any discovery as to GoToMeeting would be "new"].)

Plaintiff's newly minted position is also at odds with its argument that it had insufficient information in 2006 to accuse GoToMeeting of infringement. (Doc. No.

---

[4] Defendants take issue with plaintiff's suggestion that GoToMeeting was a "new product" in 2006, underscoring the fact that plaintiff was obviously aware of this product before it filed the present action. Regardless of whether GoToMeeting could be characterized as having been "new" in 2006, the fact remains that plaintiff's counsel conceded that it was not originally a part of this litigation.

[5] Plaintiff advanced a similar view during *inter partes* reexamination before the United States Patent and Trademark Office. In an amendment to its objection to reexamination, plaintiff stated that "[w]hile it was not recognized previously in the co-pending litigation, it is now believed, based upon publicly available information, that originally issued claim 24 is infringed by Citrix's GoToMeeting remote meeting service." (Doc. No. 260-7 at 6870.)

7

260 at 6753.) Plaintiff explained that public information available at the time it filed suit was insufficient to allow it "to perform a comparison of GoToMeeting to the claimed inventions of the '479 Patent as would be necessary" to bring specific infringement contentions. (*Id.*) Indeed, in support of its alternative motion to amend, plaintiff argues that it could not have known that GoToMeeting infringed upon the '479 patent until certain public information became available *after* the case was stayed. (*Id.* at 6763.) Either the scope of the case was already broad enough to include GoToMeeting, or plaintiff was excused from its delay in seeking leave to include this product. Plaintiff simply cannot have it both ways.

Plaintiff is correct, however, when it states that "[t]o state a claim for patent infringement, a plaintiff need only plead facts sufficient to place the defendant on notice and to ensure that the defendant has 'sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.'" (Doc. No. 260 at 6752 [quoting *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)].) It is equally true that "it is not necessary to identify specific products, i.e. model names" to set forth a claim for patent infringement. *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010). Still, by specifically identifying GoToMeeting in consecutive pleadings but not accusing it, plaintiff can hardly be said to have put defendants on notice that they would need to answer and defend against infringement contentions involving GoToMeeting.

Finally, the Court is not persuaded by plaintiff's suggestion that GoToMeeting had been the subject of past discovery requests. It is plaintiff's contention

8

that it has been "asking, and re-asking, since the beginning of this case for discovery pertaining to 'all browser-based or Internet based remote computer access products.'" (Doc. No. 260 at 6753-54 [quoting from and collecting references to past discovery requests].) While plaintiff suggests that this broadly-worded discovery request clearly encompassed GoToMeeting, plaintiff never accused defendants of improperly withholding discovery on GoToMeeting. In fact plaintiff has pointed to no part of the record where GoToMeeting was ever raised in the context of a discovery dispute. In a case steeped with discovery disputes—many of which were brought to the Court's attention by plaintiff—it is telling that plaintiff has never before even hinted that it has requested, and defendants have failed to provide, discovery on GoToMeeting.[6]

Based upon the foregoing, the Court cannot conclude that the magistrate judge's order denying plaintiff's request to compel defendants to produce source code for GoToMeeting was clearly erroneous. The Court, therefore, affirms the magistrate judge's March 19, 2014 discovery order.

### III. PLAINTIFF'S ALTERNATIVE MOTION TO AMEND

The fact that GoToMeeting was not previously a part of this case does not necessarily preclude plaintiff from now requesting to expand the scope of the case to

---

[6] Of course, it is appropriate, in certain circumstances, to permit discovery on unaccused products. *See Invensas Corp. v. Renesas Elec. Corp.*, 287 F.R.D. 273, 279 (D. Del. 2012) (espousing the rule that discovery on unaccused products is proper where the plaintiff can "articulate, in a focused, particularized manner," its reasons for suspecting that the unaccused product infringes) (quotation and citation omitted); *Tesseron, Ltd. v. R.R. Donnelley & Sons Co.*, No. 1:06CV2909, 2007 WL 2034286, at *3 (N.D. Ohio July 10, 2007) (applying similar standard) (citations omitted). Nonetheless, a plaintiff is not entitled to accuse certain products of infringement, and then ask for discovery on every other product on a mere suspicion that other products might infringe as well. *See Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, Nos. Civ. A. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 WL 3988905, at *2 n.2 (D. Del. Oct. 7, 2005) (noting that it is inappropriate to require a defendant to "do an analysis on everything you make and tell us whether you are guilty [of patent infringement] on those fronts, too [ ]").

9

include it. As an alternative to its appeal of the magistrate judge's discovery ruling, plaintiff moves to amend the amended complaint to include accusations of infringement involving GoToMeeting. (Doc. No. 260 at 6759 [citing Doc. No. 260-10, attached copy of proposed Second Amended Complaint]; Doc. No. 261.) Defendants oppose the motion.(*See* Doc. No. 267.)

### A.    Rule 15(a)(2) Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the plaintiff's motion. It provides, in relevant part, that the court should "freely give leave" to amend pleadings "when justice so requires." "Nevertheless, denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should freely give leave to amend in the absence of these factors. *Foman*, 371 U.S. at 182. When filed "at a late stage in the litigation," however, a motion for leave to amend carries "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted). Here, defendants assert undue delay and undue prejudice.

The Sixth Circuit has noted that "delay alone, regardless of its length is not enough to bar" the amendment "if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citations and quotation marks omitted). Delaying an amendment until after the close of discovery, however, is *per se* prejudicial.

10

*Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *3 (E.D. Tenn. Jan. 21, 2011) (citing *Duggins*, 195 F.3d at 834).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted). A party can also show prejudice by showing it "had insufficient time to conduct discovery of the [amended claim]; that [it] was unfairly surprised by the [plaintiffs'] change of theory; or that [it] had insufficient time to conform [its] pleadings to the [amended claim.]" *United States v. Wood*, 877 F.2d 453, 456-57 (6th Cir. 1989).

B. **Analysis**

Plaintiff argues that "'there is substantial authority for allowing supplemental pleadings where the new infringement claims relate to the same technology.'" (Doc. No. 260 at 6759 [quoting *Lamoureux v. AnazaoHealth Corp.*, 669 F. Supp. 2d 227, 236 n.12 (D. Conn. 2009, and citing *Micron Tech., Inc. v. Rambus Inc.,* 409 F. Supp. 2d 552, 558-60 (D. Del. 2006].)[7] While defendants do not dispute this general rule—nor suggest that GoToMeeting involves vastly different technology than the already accused GoToMyPC

---

[7]*Lamoureux* involved a motion to supplement under Fed. R. Civ. P. 15(d), and *Micron Tech., Inc*. involved a motion under both Rule 15(a) and (d). Rule 15(d) permits a party, with leave of court, "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff does not seek to allege a transaction, occurrence, or event that has happened since the filing of the original complaint. Rather, it seeks to further amend to add new allegations of infringement against a product that was in existence at the time the original complaint was filed. Of course, the standard is the same under Rule 15(a) and Rule 15(d). *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Still, as will be discussed *infra*, the fact that GoToMeeting was already a well-known product at the time the original complaint was filed does factor into the Court's analysis of delay.

11

product—they charge plaintiff with undue delay in seeking this amendment. Defendants note that "[i]t is undisputed that [plaintiff] knew about GoToMeeting when it filed its original complaint more than eight years ago. [Plaintiff] has articulated no reason that it did not learn of GoToMeeting's allegedly-infringing features earlier, and an examination of publicly-available documents suggest either an inexcusable lack of diligence or bad faith on the part of [plaintiff]." (Doc. No. 267 at 6952.)

*Delay*

At the outset, the Court notes that it is not accurate to say, as defendants suggest, that the delay was eight years. The case was stayed—at the urging of defendants—for six out of the eight years, and it would not have been possible for plaintiff to amend its pleading during a time in which all activity in the case had come to a halt. *See Reiffin v. Microsoft Corp.*, 270 F. Supp. 2d 1132, 1162 (N.D. Cal. 2003) (considering fact that no discovery could have taken place during stay as ameliorating delay in seeking amendment); *see, e.g., Masonite v. Craftmaster Mfg., Inc.*, No. 09 CV 2131, 2011 WL 1642518, at *5 (N.D. Ill. Apr. 29, 2011) (no undue delay where the case had been stayed and only limited discovery had taken place prior to the stay).[8]

In response to the allegations of undue delay, plaintiff suggests that it was trapped in a "proverbial *Catch-22* situation." (Doc. No. 260 at 6762.) It explains that it could not make "more specific allegations regarding GoToMeeting" until public information became available in 2008 without running afoul of Fed. R. Civ. P. 11, though it risked being

---

[8]The Court notes that the procedural posture presented in *Masonit*e was more favorable than this case. In *Masonite* the court looked favorably upon the fact that only limited discovery had taken place prior to the stay (*id*. at *5), while, here, discovery was completed prior to the stay. Still, discovery will already have to be reopened to update pervious discovery.

accused of delaying in seeking such amendments. (*Id*. at 6762-63.) However, plaintiff fails to identify public information became available in 2008, after the stay was imposed, that made it possible for plaintiff to finally seek an amendment to add contentions against GoToMeeting.[9] Moreover, the product GoToMeeting was obviously known to plaintiff at the time the case was filed, and, as this Court has already found, plaintiff did not seek to discover anything about this product before the stay. The Court, therefore, finds that plaintiff did unduly delay in seeking to insert GoToMeeting into this case. The delay is ameliorated, however, by the fact that defendants sought the *inter partes* reexamination of the '479 patent, and, thereafter, continuously argued in favor of what turned out to be a lengthy stay of this case.

*Prejudice*

Still, undue delay, alone, cannot defeat a motion to amend. *Duggins*, 195 F.3d at 834; *Reiffin*, 270 F. Supp. 2d at 1160. Defendants argue that adding contentions or claims against GoToMeeting will unfairly prejudice them. In support, defendants suggest that permitting plaintiff to amend at this late juncture "would permit [plaintiff] to make an end-run around the time limitations on patent damages." (Doc. No. 267 at 6958.) Defendants are conflating the concept of laches with amendment delay. "The statute of limitations for patent-infringement suits [, 35 U.S.C. § 286,] restricts the period for recovery of damages to the six

---

[9] In its reply, plaintiff indicates that, "[i]n early 2008, [plaintiff] saw an updated Wikipedia entry that stated 'GoToMeeting took the technology from GoToMyPC and GoToAssist and extended it to allow collaborative meetings over the web.'" (Doc. No. 268 at 7338 [citing to Doc. No. 268-8 at 7460, further citation omitted].) Given the fact that plaintiff was already aware that GoToMeeting was an Internet-based access and support program (*see* Doc. No. 15 at ¶ 11), plaintiff fails to demonstrate how the one-line reference on Wikipedia supplied the necessary due diligence plaintiff needed under Rule 11 to make a claim in good faith against GoToMeeting.

years prior to the filing of a complaint, but it does not limit the patentee's right to maintain an action." *Whitehall Corp. v. W. Geophysical Co. of Am*., 664 F. Supp. 1056, 1073 (S.D. Tex. 1986) (citations omitted); *see Naxon Telesign Corp. v. Bunker Ramo Co*., 686 F.2d 1258, 1262 (7th Cir. 1982); *TWM Mfg. Co. v. Dura Corp*., 592 F.2d 346, 348 (6th Cir. 1979). Section 286 sets the outer limits for past damages; it does not save a patent holder who has unduly delayed in asserting its rights. Even where amendment is permitted, an accused infringer may still argue that laches bars past damages. Because this avenue for relief is still available to defendants, application of § 286 will not result in prejudice to defendants.

Defendants also argue, however, that they will be prejudiced because such an amendment "would [ ] require [defendants] to engage in wholly new document collection, which would be extremely burdensome to [them]." (Doc. No. 267 at 6959.) "Indeed, the need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic sources of prejudice that have regularly proven sufficient to defeat a motion for leave to amend." *IXYS Corp. v. Advanced Power Tech., Inc*., No. C 02-3943 MHP, 2004 WL 135861, at *3 (N.D. Cal. Jan. 22, 2004) (citations omitted); *see Duggin*, 195 F.3d at 834 ("allowing amendment after the close of discovery creates significant prejudice") (citations omitted). Yet, it is entirely disingenuous for defendants to complain that plaintiff's proposed amendment will unfairly burden them with responding to unnecessary discovery requests. On May 30, 2014, while the present appeal and plaintiff's alternative motion to amend were pending, defendants filed a declaratory judgment action in California against plaintiff, In that action, defendants seek a declaration that plaintiff's product, I'm InTouch, infringes one or more claims of defendants' patent. (*See* Doc. No. 269-1, copy of the complaint in *Citrix Sys., Inc. v. 01 Communique Laboratory, Inc*., No.

14

2:14-CV-4185 (C.D. Cal. 2014), at ¶ 6.) The complaint in that newly filed case specifically provides that judicial declaration is sought so that defendants "may ascertain their rights regarding their GoToMeeting product in view of the '479 Patent." (*Id*. at ¶ 22.) Given the fact that discovery on the GoToMeeting product will obviously be a fundamental part of the new California litigation, defendants can hardly complain that it would be unduly burdensome to also produce this discovery here.[10]

Nonetheless, the Court recognizes that production of such discovery here may ultimately have the effect of further delaying a case that—unlike the new California action—has already been pending for a considerable period of time, as additional (and new) discovery will need to be taken on GoToMeeting, experts will be asked to go back and re-evaluate the '479 patent as it pertains to GoToMeeting, and dispositive motions will need to be revised to include arguments relating to this product. However, this delay is much more likely to negatively impact plaintiff, as plaintiff has been waiting six years to litigate this matter while defendants successfully kept this case stayed. Under these circumstances, the Court cannot find that any further delay will prejudice defendants.

Of course, delays were already inevitable in light of the six-year stay that resulted from defendants' decision to seek *inter partes* reexamination. Not only will previous discovery need to be updated, defendants admit that the Court may need to revisit claim construction in light of the prosecution history relating to the reexamination. (Doc. No. 243 at

---

[10] While the Court believes that defendants abandoned any possible prejudice argument when they filed suit in California over the very product that they are trying to keep out of this litigation, any residual prejudice is reduced by the fact that the technologies and products share many similarities. As such, there will be some overlap with already completed non-expert and expert discovery, and this overlap will reduce any remaining prejudice to defendants. *See Micron Tech., Inc*., 409 F. Supp. 2d at 559 (overlap with previously completed discovery eased the burden of amend to add new patents and new infringement theories).

6400, 6403-04.) As the Court observed at the motion hearing, "there's still so much work to do. This [case] is not ready for trial." (*Id.* at 6429.)

While the Court does not relish the prospect of further delaying this case, substantial considerations of judicial economy and efficiency ultimately compel the Court to permit the amendment. The amendment does not add any new parties, nor does it identify new patents with additional claims that would need to be construed. Rather, the amendment involves the same patent and similar technology. *See Lamoureux*, 669 F. Supp. 2d at 236 n.12 (collecting cases permitting amendment where similar patents and technology are involved). Moreover, many of the legal issues have already been fleshed out in connection with the previously accused GoToMyPC product.

As a final note, the Court cannot ignore the fact that, if leave to amend is denied, plaintiff has represented that it will file an entirely new lawsuit accusing GoToMeeting of infringement. *See Masonite Corp.*, 2011 WL 1642518, at *5 (permitting amendment in patent case, noting that plaintiff "could simply file a new complaint, thereby burdening the court (and [defendant]) with an entirely new lawsuit"); *IXYS Corp.*, 2004 WL 135861, at *5 n.2 (finding that failure to litigate the entire dispute during the present litigation "will force a second court to acquaint itself with the relevant technology and information and engage the parties in a protracted recapitulation of the work they have already undertaken"). Even if the undersigned is assigned the second lawsuit as related under the Court's local rules, the inefficiencies of duplicating efforts in two separate actions weighs strongly in favor of amendment. Ultimately, the Court must conclude that "justice so requires" that plaintiff be permitted to amend its amended complaint.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's March 19, 2014 discovery order is AFFIRMED, and plaintiff's alternative motion to amend its complaint is GRANTED. Plaintiff shall have seven business days from the date of this Opinion and Order to file a Second Amended Complaint consistent with its proposed draft amendment. (*See* Doc. No. 260-10.)

**IT IS SO ORDERED**.

Dated: June 3, 2014

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**