UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 01 COMMUNIQUE LABORATORY, INC., | ) | CASE NO. 1:06-cv-253 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CITRIX SYSTEMS, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently pending before the Court is Plaintiff 01 Communique Laboratory, Inc.'s ("plaintiff" or "Communique") appeal (Doc No. 339 ["Appeal"]) of Magistrate Judge Burke's memorandum opinion and order (Doc. No. 338 ["MOO"]) regarding Communique's challenge to certain assertions of attorney-client privilege by defendants Citrix Systems, Inc. and Citrix Online, LLC (collectively "defendants" or "Citrix"). Citrix has opposed Communique's appeal (Doc. No. 340 ["Opp'n"]), to which Communique has replied (Doc. No. 341 ["Reply"]). For the reasons contained herein, Communique's appeal is denied.

**A. Magistrate Judge Burke's Memorandum Opinion and Order**

Magistrate Judge Burke's memorandum opinion and order resolves a discovery dispute raised by Communique alleging that Citrix improperly asserted attorney client privilege with respect to a license between Citrix and Tridia, Inc. ("Tridia") as it pertains to the issue of damages in this case. Specifically, Communique

challenges Citrix's assertion of privilege during the deposition Citrix's Rule 30(b)(6) witness, Robert Feldman ("Feldman"), and with respect to two documents.

Magistrate Judge Burke concluded that Citrix properly asserted the privilege in the Rule 30(b)(6) deposition and did not waive the privilege. (MOO at 11310.[1]) With respect to the documents, the magistrate judge found that Citrix properly asserted the privilege as to Privilege Log Entries Nos. 2 and 98. (MOO at 1312-13.) Communique does not appeal the magistrate judge's decision with respect to Privilege Log Entry No. 2.

**B. Standard of Review**

This discovery dispute was before Magistrate Judge Burke upon the referral of this Court. Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glasser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted).

"In reviewing a magistrate judge's decision to determine whether it is 'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an 'abuse of

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

2

discretion' standard. An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Phillips v. Philip Morris Cos., Inc.,* No. 5:10CV1741, 2013 WL 3291516, at *2 (N.D. Ohio June 28, 2013) (some internal quotation marks omitted) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.,* No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *United States v. Taplin,* 954 F.2d 1256, 1258 (6th Cir. 1992))).

A finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of the evidence is a reasonable one." *Phillips*, 2013 WL 3291516, at *2 (internal quotation marks omitted) (quoting *JGR, Inc.*, 2006 WL 456479, at *1 (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985))).

## C. Communique's Objections and Analysis

### 1. Privilege Log Entry No. 98 is Privileged

This document, an email dated November 21, 2006, was originally produced by Citrix to Communique in connection with discovery related to Citrix's license with Tridia for various Tridia patents (the "Citrix-Tridia license"). But Citrix later "clawed back" the document on the grounds that it was privileged and inadvertently produced.

Citrix contends that the document is a confidential communication from Citrix to its attorney seeking legal advice, while Communique argues that the document pertains to Citrix's business/licensing strategy. (MOO at 11311.) The magistrate judge conducted an *in camera* review of the document (Doc. No. 334-3 ["Priv. Log. #98"]), and concluded that it was a communication sent by Citrix, as a client, to its outside legal counsel for the purpose of seeking legal advice, and therefore privileged, and that it was inadvertently produced. (MOO at 11311-12.) Communique objects to this ruling, arguing that the email does not seek legal advice, but merely asks for an estimate of litigations costs, which is not privileged.[2] (Appeal at 11327.).

The Court conducted its own *in camera* review of Privilege Log Entry No. 98. That review confirms the magistrate judge's conclusion that within the email at issue, Citrix seeks legal advice from its counsel regarding litigation strategy for this case. Moreover, the Court does not find that Magistrate Judge Burke abused her discretion in concluding that Privilege Log Entry 98 was protected from disclosure in its entirety by the attorney client privilege. Communique's appeal with respect to Privilege Log Entry 98 is denied.

### 2. Feldman's assertion of privilege was proper

Robert Feldman was deposed by Communique as Citrix's Rule 30(b)(6) witness with respect to the Citrix-Tridia license. This license is relied upon, in part, by Citrix's damages expert in his opinion regarding reasonable royalties.

---

[2] Communique does not appeal the magistrate judge's conclusion that the production was inadvertent.

During the Rule 30(b)(6) deposition, Communique inquired whether Citrix believed that any of its products infringed the Tridia patents, and whether Citrix believed the Tridia patents were valid. (MOO at 11303-04.) Feldman declined to answer these questions on the basis that Citrix's beliefs were inseparable from the legal advice it received with respect to those issues, therefore, he could not answer without disclosing attorney-client privileged communications. (MOO at 11304-05.).

Communique argued before Magistrate Judge Burke that the attorney-client privilege does not protect "beliefs," and that Feldman should be required to answer Communique's questions. (MOO at 11305.) The magistrate judge concluded that a corporation, as an artificial creature of the law, does not have personal beliefs in the same way that a natural person does. (MOO at 11306 (citing *Upjohn Co. v. U.S.*, 449 U.S. 383, 389-90 (1981) (a corporation is an artificial creature of the law)).) After examining Feldman's deposition testimony in detail, the magistrate judge found that Citrix's beliefs regarding infringement and invalidity were protected by privilege. (MOO at 11303-06.).

On appeal, Communique contends that the magistrate judge erred in concluding that a corporation does not hold personal beliefs the same way that a natural person does, pointing out that litigants are regularly required to testify regarding their beliefs, which are not privileged, and the deposition questions at issue were not directed to the advice of counsel received by Citrix. (Appeal at 11325-26.) But Communique misses the point. Magistrate Judge Burke did not hold that Feldman properly asserted the privilege simply because a corporation cannot hold a belief. Rather, the magistrate judge found that "Citrix's beliefs on such legal questions [regarding validity and infringement]

5

were inseparable from its counsel's advice because Citrix 'relies exclusively on the advice of counsel for such legal determinations.'" (MOO at 11306 (citation to Rule 30(b)(6) deposition omitted).) Communique does not argue on appeal that the magistrate judge's finding regarding Citrix's exclusive reliance on the advice of counsel is clearly erroneous.

In making her finding, Communique maintains that the magistrate judge misinterpreted *Davis v. PMA Co., Inc*., No. CIV-11-CV-359-C, 2012 WL 3933967 (W.D. Okla. Sept. 7, 2012), and erred by concluding the case was inapposite. (Appeal at 11325 at n. 28.) *Davis* is an employment termination case in which the deponent was an officer of the corporation being deposed as a natural person regarding plaintiff's ethical complaints. When the deponent was asked about his personal belief as to whether he should have documented and reported plaintiff's concerns, the deponent refused to answer on the basis of privilege. The court in *Davis* found that the privilege did not apply because the deponent was not asked whether he had received legal advice regarding his reporting obligations or the content of that advice. Rather, the question was limited to whether the deponent "personally believed that the concerns raised by Plaintiff were the type of complaints that normally should be documented and reported. [The deponent's] personal beliefs are not privileged as attorney-client communications or attorney work product." *Davis*, 2012 WL 3922967, at *8. Communique contends that the proper interpretation of *Davis* is that "questions limited to a deponent's beliefs do not implicate privilege when the questions themselves do not expressly elicit that information." (Appeal at 11325, n. 28.).

6

The magistrate judge did not err in finding *Davis* inapposite. In this case, Feldman was not deposed as a natural person, but as Citrix's Rule 30(b)(6) witness. When Feldman testified as Citrix's Rule 30(b)(6) witness, he was testifying on behalf of the corporate entity, not individually as an officer or employee of Citrix, as was the case in *Davis*. As a witness for the corporation, Feldman was not, and could not be, asked about his personal beliefs. Moreover, the magistrate judge found that Citrix's beliefs regarding the legal issues of infringement and validity were based entirely on the advice of counsel. Thus, Citrix's beliefs are one and the same as the advice of counsel, regardless of whether the Communique's questions attempted to directly elicit privileged information.

Communique additionally argues on appeal that Citrix's assertion of the privilege regarding its beliefs about infringement and validity with respect to the Citrix-Tridia license is inconsistent with Citrix's position in another case before the Federal Circuit, but this argument is unavailing. In *SSL Services, LLC v. Citrix Systems, Inc*. 769 F.3d 1073 (Fed. Cir. 2014), Citrix argued that it was entitled to a new trial "because the court prevented the jury from hearing fact testimony from its Chief Engineer, Marco Murgia, that . . . Citrix believed in good faith that its products were non-infringing[.]" *SSL Services,* 769 F.3d at 1092. But *SSL Services* is readily distinguishable from this case. In *SSL Services*, Citrix sought to advance the personal belief of its chief engineer regarding the issue of infringement, not the belief of the corporation.

For all of these reasons, the Court is not left with the definite and firm conviction that the magistrate judge erred, nor finds that she abused her discretion, in concluding that Feldman properly asserted the privilege in his Rule 30(b)(6) deposition. Communique's appeal in this regard is denied.

### 3. Citrix did not waive the privilege

Even if Feldman properly asserted the privilege, Communique alternatively argued before the magistrate judge that Citrix expressly or impliedly waived its right to do so. The magistrate judge found that there was no express waiver, and Communique does not appeal that determination. (MOO at 11306-07.).

The magistrate judge also determined that there was no implied waiver of the privilege. Communique contends on appeal that the magistrate judge applied the wrong legal standard in reaching this conclusion by applying the implied waiver standard of *Rhone-Poulenc Rorer, Inc., v. Home Indem. Co.*, 332 F.3d 851 (3d Cir. 1994) instead of *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash 1975). (Appeal at 11329-30.) But as Communique acknowledges in its objections, the magistrate judge performed the implied waiver analysis under both standards.

8

Therefore, Communique's appeal that the magistrate judge erroneously applied the *Rhone-Poulenc* standard over *Hearn* need not be addressed herein. The Court will only consider Communique's contention that the magistrate judge erred in applying *Hearn*.[3]

Under the *Hearn* standard, a privilege is impliedly waived if:

> [The] defendants invoked the privilege in furtherance of an affirmative defense they asserted for their own benefit; through this affirmative act they placed the protected information at issue, for the legal advice they received is germane to the . . . defense they raised; and one result of asserting the privilege has been to deprive plaintiff of information necessary to 'defend' against defendants' affirmative defense, for the protected information is also germane to plaintiff's burden of proving malice or unreasonable disregard of his clearly established constitutional rights.

*Hearn*, 68 F.R.D. at 581.

Applying the *Hearn* analysis, the magistrate judge determined that finding an implied waiver under that standard was not warranted because Communique received non-privileged discovery with respect to the Citirx-Tridia license, including (1) the license agreement, (2) all non-privileged communications regarding the negotiation of the licenses, and (3) a Rule 30(b)(6) deposition regarding the license. (MOO at 11310.) On appeal, Communique does not contend that this finding regarding the discovery received

---

[3] As is evident from the magistrate judge's order and the parties' briefing on Communique's objections, there is little federal circuit precedent with respect to implied waiver of attorney-client privilege. Indeed, neither *Rhone-Poulenc* nor *Hearn* is a Federal Circuit case. *Afro-Lecon, Inc. v. U.S.*, 820 F.2d 1198, 1205 (Fed. Cir. 1987) cited the *Hearn* balancing test for waiver, but did so in the context of Fifth Amendment privilege, not attorney-client privilege. *Rhone-Poulenc* criticizes *Hearn* as among the decisions that rest privilege waiver decisions on the relevance of the information sought. *Rhone-Poulenc*, 32 F.3d at 864. In *In re Echostar Commc'ns Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006) (implied waiver when defendant asserts advice of counsel with respect to willful infringement claim), the Federal Circuit stated that "we recognize that when a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter." *Echostar* cited neither *Hearn* nor *Rhone-Poulenc*.

is clearly erroneous or contrary to law. Rather, Communique contends that the finding is "undermined" by Citrix's "admission" that it did not search for all non-privileged documents regarding the licenses, and by the "vague and inconsistent" testimony of its 30(b)(6) witnesses. (Appeal at 11331.).

First, Communique's argument that the magistrate judge's decision is "undermined" is not a standard or basis under the law upon which to sustain Communique's objection to the magistrate judge's finding that an implied waiver under *Hearn* is not warranted. Second, the instant dispute flows out of discovery ordered by the magistrate judge in December 2014 regarding the Citrix-Tridia license and other licenses. (MOO at 11299.) The only issue raised by Communique in this dispute is Citrix's assertion of privilege as to the Citrix-Tridia license. Communique cannot now raise yet another and a new dispute regarding Communique's dissatisfaction with the discovery it received from Citrix as the basis for objecting to the magistrate judge's ruling on the privilege issue.

For these reasons, the Court is not left with a definite and firm conviction that the magistrate judge erred regarding the non-privileged discovery that Communique received from Citrix with respect to the Citrix-Tridia license, or that the magistrate judge abused her discretion in finding that an implied waiver was not warranted under the *Hearn* standard.

Accordingly, Communique's appeal of the magistrate judge's determination regarding implied waiver is denied.

**D. Conclusion**

    For the reasons contained herein, Communique's appeal of the magistrate judge's memorandum opinion and order is denied in its entirety.

    **IT IS SO ORDERED**.

Dated: January 10, 2016

                    **HONORABLE SARA LIOI**
                    **UNITED STATES DISTRICT JUDGE**